UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARBARA D. RICHARDSON, | Case No. 2:17-CV-775 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
| Defendant(s). | |

Presently before the court is defendants United States Department of Health and Human Services ("HHS"), HHS's Center for Medicare & Medicaid Services ("CMS"), Secretary Thomas E. Price, and the United States of America's motion to dismiss. (ECF No. 17). Plaintiff Barbara D. Richardson ("plaintiff") filed a response (ECF No. 25), to which defendants replied (ECF No. 29).

Also before the court are defendants' motions for leave to file additional authority in support of their reply. (ECF Nos. 39, 42). Defendants filed exhibits to their motions for leave to file additional authority. (ECF Nos. 40, 42).

**I. Background**

Plaintiff brings this case in her capacity as liquidator of the estate of Nevada Health Co-Op ("NHC"), a now defunct health insurance company that formerly issued health insurance plans on the health insurance marketplaces created by the Affordable Care Act ("ACA"). (ECF No. 17). Relying on the Administrative Procedure Act ("APA"), plaintiff argues certain offsets were improper because HHS failed to account for over $40 million owed to NHC under section 1432 of the ACA. *Id.* Defendants argue that plaintiff's complaint should be dismissed because the Court
**James C. Mahan**
**U.S. District Judge**

of Federal Claims is the only proper forum for plaintiff's challenge to HHS's offsets. (ECF No. 29).

## II. Discussion

Plaintiff asserts that this court possesses jurisdiction pursuant to the APA. (ECF No. 25). The APA waives the United States' sovereign immunity in certain circumstances. However, the APA waiver of sovereign immunity does not apply to claims: (1) for money damages, 5 U.S.C. § 702; (2) seeking relief which another statute expressly or impliedly forbids, *id.*; or (3) for which an adequate remedy is available elsewhere, *id.* § 704. Because the three exceptions "function in the disjunctive[,] the application of any one is enough to deny a district court jurisdiction under the APA." *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1126 (Fed. Cir. 2007). Plaintiff argues that because it seeks injunctive relief and cannot find an adequate remedy elsewhere, the United States' sovereign immunity is waived in this case. (ECF No. 25). Defendants argue that because plaintiff's claim ultimately seeks monetary compensation from the United States based on a federal-state ACA program, jurisdiction over the claim lies exclusively with the Court of Federal Claims.[1] (ECF No. 17).

"The Tucker Act grants the Claims Court exclusive jurisdiction over actions against the United States for monetary damages in excess of $10,000. *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1099 (9th Cir. 1990) (citing 28 U.S.C. § 1346(a)(2)). "A party may not avoid the [Court of Federal Claims'] jurisdiction by framing an action against the federal government that appears to seek only equitable relief when the party's real effort is to obtain [money] damages." *Marshall Leasing*, 893 F.2d at 1099; *see also Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1126 (Fed. Cir. 2007) ("If [a] suit is at base a claim for money, and the relief available through the Court of Federal Claims under the Tucker Act—a money judgment—will provide an adequate remedy, the inquiry is at an end. There is no need to address the § 702 'money damage' limitation because § 704 precludes adjudication under the APA."); *Christopher Vill., L.P. v. United States*, 360 F.3d 1319, 1328 (Fed. Cir. 2004) ("[a] party may not

---

[1] Defendants note that the Court of Federal Claims is currently presiding over four cases substantively identical to this one. *Id.*

**James C. Mahan**
**U.S. District Judge**

circumvent the [Court of Federal Claims'] exclusive jurisdiction by framing a complaint in the district court as one seeking injunctive, declaratory or mandatory relief where the thrust of the suit is to obtain money from the United States.").

"[T]he relief available for [plaintiff's] claims in the Court of Federal Claims is 'adequate' [if] it can provide, in substance, all of the [the plaintiff's] requested relief." *Kanemoto v. Reno*, 41 F.3d 641, 646 (Fed. Cir. 1994). Ninth Circuit courts have consistently refused jurisdiction over claims when "the actual relief resulting from [review of the equitable claim] would be monetary." *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 590 (9th Cir. 1983), cert. denied, 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984); *see also Bakersfield City School Dist. v. Boyer*, 610 F.2d 621, 628 (9th Cir. 1979).

Another district court recently ruled on a nearly identical fact pattern to the one presented here.[2] *See Farmer v. United States*, No. 3:17-0956, 2018 WL 1365797 (D.SC. Mar. 16, 2018). In *Farmer*, liquidators of South Carolina's Consumer's Choice Health Insurance Company brought an action against the United States Department of Health and Human Services (and related parties) seeking declaratory relief and an injunction. *Id.* at *2. The government filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Court of Federal Claims possessed exclusive jurisdiction to hear the action. *Id.* at 2, 3. The court held that while the "liquidators have packaged their requests for relief in equitable terms," they "are actually requesting a money judgment from the government." *Id.* at *6. Therefore, the court held that jurisdiction over the action lied "exclusively in the Court of Federal Claims." *Id.* at *7.

Here, although plaintiff asserts her claim is one for declaratory and injunctive relief, she is "actually requesting a money judgment from the government." *Id*. at *6. Plaintiff alleges that HHS failed to pay NHC amounts due under the Affordable Care Act's 3Rs programs when the government withheld funds and offset them against NHC's debts. (ECF No. 29). Challenges to these offsets are fundamentally claims for monetary relief. *See McKeel,* 722 F.2d at 590.

---

[2] This case is the subject of defendants' motion for leave to file supplemental authority. *See* (ECF No. 39). Defendants' second motion for leave to file supplemental authority references another case with a similar holding from the District of New Mexico. *See* (ECF No. 42) (citing *N.M. Health Connections v. U.S. Dep't of Health and Human Svcs.*, case no CIV 16-0878 JB/JHR).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Therefore, the Court of Federal Claims possesses exclusive jurisdiction over the action. *See Farmer*, 2018 WL 1365797, at *7.

Plaintiff argues that it cannot obtain the full remedy requested in the Court of Federal Claims because a monetary award would not prevent future offsets. (ECF No. 25). However, in the event the liquidators prevail in the Court of Federal Claims, the principles of res judicata would prevent the government from any further allegedly unlawful acts. *See McBride Cotton & Cattle Corp. v. Vietnam*, 116 F. App'x 89, 91 (9th Cir. 2004) ("In the event of success, [plaintiff] could receive a refund of all unauthorized [setoffs] and the [government] would be prohibited from [setting off] further payments under the principle of res judicata."). Therefore, plaintiff can obtain an adequate remedy in the Court of Federal Claims.

### III. Conclusion

Plaintiff's complaint ultimately seeks monetary relief that is available through the Court of Federal Claims. Therefore, jurisdiction over her claim lies exclusively in the Court of Federal Claims under the Tucker Act. Accordingly, the court will dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion for leave to file additional authority in support of its reply (ECF No. 39) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' second motion for leave to file additional authority in support of its reply (ECF No. 42) be, and the same hereby is, GRANTED.

DATED March 30, 2018

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -